IN THE COUNTY COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

TAM NGUYEN,

    Plaintiff,                                                CASE NO:

v.

SUNBILITY LLC, SUNLIGHT FINANCIAL
LLC, TRUNSTILE CAPITAL MANAGEMENT
LLC, ASSET RECOVERY SOLUTIONS LLC,
and NATIONAL RECOVERY SOLUTIONS LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, TAM NGUYEN ("Plaintiff"), by and through undersigned counsel, brings this action against, SUNBILITY LLC, SUNLIGHT FINANCIAL LLC, TURNSTILE CAPITAL MANAGEMENT LLC, ASSET RECOVERY SOLUTIONS LLC, and NATIONAL RECOVERY SOLUTIONS LLC (hereafter "Defendants"), and as grounds thereof alleges as follows:

### INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Florida Consumer Collection Practices Act, §§ 559.55-559.785, Florida Statutes, known more commonly as the "FCCPA" or the "ACT", and the Fair Debt Collection Practices Ace, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. The FCCPA and the FDCPA prevent debt collectors, creditors and persons, respectively from engaging in abusive, deceptive, and unfair collection and credit reporting practices.

## JURISDICTION

3. This is an action for damages that exceed $15,000.00, but are less than $50,000.00, exclusive of attorneys' fees, pre-judgment interest and costs.

4. Venue in this District is proper because Plaintiff resides here, the actions that are the subject of this action accrued here, and Defendants regularly transact business, mail letters, and places phone calls into this Jurisdiction, the purpose of which is the collection of consumer debts.

## PARTIES

5. At all times relevant to this Complaint, Plaintiff is *sui juris* and a resident of Orange County, Florida, and maintains his personal banking accounts, subject of this Complaint, within Orange County, Florida.

6. At all times relevant to this Complaint, Defendant, SUNBILITY LLC (hereafter "Sunbility"), was and is a Florida Limited Liability Company, and does business in Orange County, Florida.

7. At all times relevant to this Complaint, Defendant, SUNLIGHT FINANCIAL LLC (hereafter "Sunlight"), is a foreign limited liability company and is authorized to do business in the State of Florida.

8. At all times relevant to this Complaint, Defendant, TURNSTILE CAPITAL MANAGEMENT, LLC (hereafter "Turnstile Capital"), is a foreign limited liability company and is authorized to do business in the State of Florida.

9. At all times relevant to this Complaint, Defendant, ASSET RECOVERY SOLUTIONS, LLC (hereafter "Asset Recovery"), is a foreign limited liability company and is authorized to do business in the State of Florida.

10. At all times relevant to this Complaint, Defendant, NATIONAL RECOVERY SOLUTIONS, LLC (hereafter "National Recovery"), is a foreign limited liability company and is authorized to do business in the State of Florida.

11. At all times relevant to this Complaint, Defendants were doing business in Orange County, Florida.

12. At all times relevant to this Complaint, Plaintiff was and is a natural person, and is a "consumer" as that term is defined by §559.55(8), Florida Statutes, and 15 U.S.C. § 1692a(3), and/or a person with standing to bring a claim under the FCCPA and FDCPA by virtue of being directly affected by violations of the ACTs.

13. At all times relevant to this Complaint, the Defendants were and are a "person" as said term is defined under §1.01(3), Florida Statutes, and is subject to the provisions of § 559.72, Florida Statutes, because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in § 559.55, Florida Statutes.

14. At all times relevant to this Complaint, Defendants were acting as debt collectors and/or creditors with respect to the collection of Plaintiff's alleged debt and reporting of Plaintiff's credit score.

15. At all times relevant to this Complaint, the debt in question was a "debt" as said term is defined under §559.55(6), Florida Statutes and 15 U.S.C. § 1692a(5).

16. At all times relevant to this Complaint, Defendants were knowingly claiming, attempting, and/or threatening to enforce an alleged debt that is not legitimate, or assert the existence of some other legal right when Defendants knew that the right does not exist.

17. At all times relevant to this Complaint, Defendants regularly used the mail, internet, and telephone, in a business, the purpose of which is the collection of consumer debts.

## **BACKGROUND AND GENERAL ALLEGATIONS**

18. The debt that Defendants sought to collect from Plaintiff stems from an agreement dated November 15, 2019, between Plaintiff and Sunbility, for the purchase and installation of solar panels on Plaintiff's home located at 1682 Sparrow Song Lane, Occoee, FL. 34761.

19. The amount listed on the contract was $32,465.00 with the entire amount being financed by the Plaintiff.

20. Plaintiff was approved by and financed the purchase of the solar panels through Sunlight Financial.

21. Plaintiff paid Sunlight Financial the amount of $325.17 each month to satisfy the terms of the loan.

22. On April 15, 2022, Plaintiff received a statement from Sunlight Financial indicating that the total amount still owed was $30,316.84.

23. On May 4, 2022, Plaintiff paid Sunlight Financial the amount of $1,625.85.

24. Plaintiff continued to make payments to Sunlight Financial in the amount of $325.17 for the months of May 2022, through September of 2023, as indicated by the confirmation emails Plaintiff received each month that a payment was made.

25. On September 25, 2023, Plaintiff received a letter from National Asset Recovery indicating that only $1,066.20 had been applied to the subject loan from April 20, 2022, through September 25, 2023 and that the total amount still owed on the account was $30,316.84.

26. In February of 2023, Plaintiff contacted Sunlight Financial via e-mail and asked for a monthly invoice.

27. Plaintiff was informed that Turnstile Capital Management, LLC, was servicing the loan and that all payments were directed from Sunlight Financial to Turnstile to be applied to the subject account.

28. In the midst of paying Sunlight Financial monthly, Plaintiff also received a letter from Asset Recovery Solutions, LLC in January of 2023, indicating that monthly amounts were now $300.00 and the total amount owed was $30,316.84.

29. Despite Plaintiff making monthly payments to Sunlight Financial, the payments were not being credited to his account.

30. The Unlawful Charges and unlawful collection attempts by Sunlight Financial, National Asset Recovery Solutions and Asset Recovery Solutions resulted in unnecessary time and expense by Plaintiff to notify all Defendants of the wrongdoing.

31. Defendant's Unlawful Charges, unlawful collection attempts, and unlawful credit reporting were knowing attempts by Defendants to collect a consumer debt with inflated and incorrect amounts.

32. Based on the foregoing and applicable law, it is evident that Defendants were aware that Plaintiff did not owe the amounts alleged for the debts prior to Defendant's unlawful collection attempts and unlawful credit reporting.

33. As a result of Defendant's unlawful collection attempts and credit reporting Plaintiff's credit score was severely damaged.

34. As a result of Defendant's unlawful collection attempts and credit reporting, Plaintiff was financially harmed due to a lower credit rating and higher interest ratings and fees to obtain a loan.

35. Prior to initiating this action, Plaintiff retained the services of the undersigned law firm and is obligated to pay for its legal services, for which Plaintiff seeks reimbursement by way of the instant lawsuit.

**COUNT I—VIOLATION OF FCCPA, § 559.72, FLORIDA STATUTES**

36. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35.

37. Section 559.72(9), Florida Statutes, states: "In collecting debts, no personal shall: [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

38. Defendants attempts to enforce a debt that Defendants knew was not legitimate were in violation of §559.72(9), Florida Statutes.

39. Defendants, through their agents, representatives and/or employees acting within the scope of their authority, knowingly violated 559.72(9), Florida Statutes.

40. As a direct and proximate result of Defendants violation of the FCCPA, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

41. As a result of the above violations of the FCCPA, pursuant to 559.77(2), Florida Statutes, Plaintiff is entitled to recover actual damages, statutory damages of up to $1,000.00, per violation, together with reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiff, TAM NGUYEN respectfully prays that judgment be entered against Defendants, SUNBILITY LLC, SUNLIGHT FINANCIAL LLC, TURNSTILE CAPITAL MANAGEMENT LLC, ASSET RECOVERY SOLUTIONS LLC, and NATIONAL RECOVERY SOLUTIONS LLC, for actual damages, statutory damages and punitive damages, along with costs and reasonable attorneys' fees pursuant to §559.77(2), Florida Statutes, and for such other and further relief as justice may require.

### COUNT II —VIOLATION OF FDCPA, § 1692a(6)

42. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35.

43. Defendants are "debt collectors" under the FDCPA 15 U.S.C. § 1692a(6).

44. Section 808(1) of the FDCPA, 15 U.S.C. § 1692f(1), bars the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

45. Defendants failed to apply over a years' worth of payments and continued to attempt to collect an amount not owed.

46. These were unfair acts under § 808(1) of the FDCPA, 15 U.S.C. §1692f(1).

47. Defendants attempts to enforce a debt that Defendants knew was not legitimate or correct, were in violation of the FDCPA.

48. Defendants, through their agents, representatives and/or employees acting within the scope of their authority, knowingly violated the FDCPA.

49. As a direct and proximate result of Defendants violation of the FDCPA, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

**WHEREFORE**, Plaintiff, TAM NGUYEN respectfully prays that judgment be entered against Defendants, SUNBILITY LLC, SUNLIGHT FINANCIAL LLC, TURNSTILE CAPITAL MANAGEMENT LLC, ASSET RECOVERY SOLUTIONS LLC, and NATIONAL RECOVERY SOLUTIONS LLC, for actual damages, statutory damages and punitive damages, along with costs and reasonable attorneys' fees pursuant to FDCPA, 15 U.S.C. §1692f(1), and for such other and further relief as justice may require.

### COUNT III —VIOLATION OF FDCPA, § 1692e

50. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35.

51. Defendants are "debt collectors" under the FDCPA 15 U.S.C. § 1692a(6).

52. In numerous instances, in connection with the collection of debts, Defendants used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

   a. Falsely representing the character, ***amount***, or legal status of any debts, in violation of Section 807(2)(A) of the FDCPA;

   b. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed, in violation of Section 807(8) of the FDCPA;

   c. Using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA

53. Defendants attempts to enforce a debt that Defendants knew was not legitimate or correct, were in violation of the FDCPA.

54. Defendants, through their agents, representatives and/or employees acting within the scope of their authority, knowingly violated the FDCPA.

55. As a direct and proximate result of Defendants violation of the FDCPA, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

**WHEREFORE**, Plaintiff, TAM NGUYEN respectfully prays that judgment be entered against Defendants, SUNBILITY LLC, SUNLIGHT FINANCIAL LLC, TURNSTILE CAPITAL MANAGEMENT LLC, ASSET RECOVERY SOLUTIONS LLC, and NATIONAL RECOVERY SOLUTIONS LLC, for actual damages, statutory damages and punitive damages, along with costs and reasonable attorneys' fees pursuant to FDCPA, 15 U.S.C. §1692e, and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, TAM NGUYEN, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

ATTORNEYS JUSTIN CLARK
& ASSOCIATES, PLLC
Attorney for Plaintiff
500 Winderley Place, Suite 100
Maitland, FL 32751
Telephone: 321-282-1055
Facsimile: 321-282-1051
**E-service:**
**notice@youhavepower.com**

By: */s/ Justin R. Clark*_____
[X]    Justin R. Clark, Esquire
Florida Bar No.: 829471
jclark@youhavepower.com